UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEPHEN DANIEL LEONARD
  Petitioner/

v.

Federal Bureau of Prisons,
Warden S. Serrano,
  Respondents/

Related Case No: 24-CR-20383

FILED BY _____ D.C.
MAR 07 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# PETITION FOR WRIT OF MANDAMUS

## § COMPLAINT §

### Parties and Jurisdiction

1. Plaintiff / Petitioner, Stephen D. Leonard, is an individual residing in this judicial district at the Miami Federal Detention Center (FDC).

2. Defendant / Respondent, Warden S. Serrano, is Warden at the Miami Federal Detention Center (FDC) for the United States Department of Justice Federal Bureau of Prisons.

3. This is an action to compel the defendant to

perform her duty and, therefore, this Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1361.

4. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(e) because all of the events giving rise to the claim occurred within this judicial district, the plaintiff resides in this judicial district and no real property is involved in this action.

### Claim for Relief

5. The defendant/Respondent: Warden B. Serrano, in her role as Warden of the Miami Federal Detention Center, is charged with the duty of carrying out the provisions of 18 U.S.C. § 3161 and the Interstate Agreement on Detainers Act (IADA).

In failing to do the things set out in this Complaint, the defendant has acted through her agents; Mrs. Quoneis (Kee-oh-niss) who is the Correctional Systems Department Administrator, and is charged with the duty of administering and implementing the decisions and directives of the defendant under those statutory mandates within the territorial jurisdiction of this Court.

2

6. The Statute Cited: 18 U.S.C. § 3161, is part of a larger Act, the Interstate Agreement on Detainers Act (IADA) that provides, in general, for the transfer of inmates in Federal Custody, between various State or Federal jurisdictions when they place a hold/detainer on inmates for judicial purposes; i.e., warrants, untried charges/indictments, et.al.

7. The Provisions of this Act in dispute in this action are found under Article III of the IADA and 18 U.S.C. § 3161(a), (j)(1), (j)(2), and (j)(3), which provides in pertinent part:

"The Interstate Agreement on Detainers Act (IADA)... Either an inmate or a State may initiate proceedings for this Purpose...."

"Art. III(c)... requires the Bureau to inform the inmate of the Source and Content of any detainer lodged, via Notice of Untried Indictment Form (BP-A235)...."

"Art. III(d)... Inmate Request for Final Disposition... the inmate may request final disposition of the charges for which the detainer is based...."

"18 U.S.C. § 3161(a): In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the Counsel for the defendant, and the attorney for the

3

government, set the case for trial on a certain day, or list it for trial on a weekly or other short term trial calendar at a place within the judicial district, so as to assure a SPEEDY TRIAL...."

"18 U.S.C. § 3161 (j)(1): If the Attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly:-

(A) undertake to obtain the presence of the prisoner for trial; or
(B) Cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand SPEEDY TRIAL...."

"18 U.S.C. 3161(j)(2): If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. <u>If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the government who caused the detainer to be filed</u>...."

"18 U.S.C. § 3161 (j)(3): Upon receipt of such notice, the attorney for the government shall promptly seek to obtain the presence of the prisoner for trial...."

4

8. Additionally, in the United States Department of Justice, Federal Bureau of Prisons Program Statements, - OPI: CPO/CPD, No:. 5800.15, CN1, Subject: Correctional Systems Manual, dated on 09/23/2016 - Correctional Systems Department Review ... " When Possible, Pending charges or sentences are indicated, CSD Staff will initiate an inquiry by sending a detainer action letter (BP-A394) (DAL) to the appropriate officials, usually the Sheriff or Prosecuting Attorney...."

9. The defendant has failed and refuses to fulfill her official duty with respect that the statutory requirements mandate in that:

   a. The defendant has been notified on February 11th, 2025 that the Plaintiff/inmate has an administrative hold (detainer) for State Charges ... and " Can you get me an Interstate Agreement on Detainers Form so I can get the Paperwork" Started / moving to resolve the State hold?"
   (See Exhibit A: Trulincs Request To Staff - Warden - 02/11/2025 0756:00 AM: To Mrs. Serrano)

   (See Also: Exhibit H: Trulincs Request To Staff - ISM/Mailroom/R&D - 02/22/25 0715:37 AM: To Mrs. Quentis (Kee-oh-nis) Correctional Systems Officer & ATN: FBOP/Miami F.D.C. Warden Serrano and C.S.D.)

5

b. After having received notice that the inmate initiated the proceedings and demanded Speedy Trial, she failed to notify the inmate of the detainers' charges and his rights to trial / Speedy trial, and failed to offer the detained inmate / Plaintiff Counsel via Appointment of Counsel Form (BP-A236); Disposition of Charges Form (BP-A238); and the Notice of Untried Inditement Form (BP-A235); as well as failing to Send out the Detainer Action Letter Form (BP-A394) to the Sheriff / D.A.

10. The Plaintiff has been injured by the conduct of the defendant in that:

    a. The defendant has violated Plaintiff's right to the Appointment of Counsel,

    b. The defendant has violated Plaintiff's right to Speedy Trial, and

    c. The defendant deprived Plaintiff of Equal Protection of the law and due Process under the XIV Amendment of the United States Constitution.

11. Prior to initiating this action, the Plaintiff made a formal demand that the defendant fulfill her / its Statutory obligations in accordance to her / its official duties as Set-forth in this Complaint, but the defendant refused

and continues to refuse to do so, so the plaintiff has no remedy except for this action for seeking to compel the defendant to fulfill her/its duty which is Crystal Clear according to the laws mentioned above.

12. The Plaintiff will, / has already, suffered irrepairable injury / damages to his Constitutionally guaranteed and protected rights if the defendant is not Compelled to perform her clear legal duty.

● <u>Prayer for Relief</u> ●

13. Plaintiff prays that this Court render and enter a judgment:

A. Enjoining the defendant to: Notify detainer Charges; Appoint Counsel; File Detainer Action Letter; and transport the Plaintiff / Inmate to the Dade County Jail A.S.A.P.

B. Awarding Plaintiff its Costs and fees in this action; and

C. Awarding Plaintiff any and all other relief to which Plaintiff may be justly Entitled.

Respectfully Submitted,
Stephen D. Leonard, Pro se
#31570-511 / FDC Miami
P.O. Box 019120
Miami, FL. 33101-9120

7

## CERTIFICATE OF SERVICE

I hereby certify that Copies have been furnished to the following via: Inmate Legal Mail Filing on this 26th day of February 2025:

1. Warden S. Serrano 33 NE 4th St. Miami, FL. 33132
2. United States Attorneys Office 99 NE 4th St. Miami, FL. 33132
3. Federal Bureau of Prisons - Legal Counsel - 33 NE 4th St. Miami, FL 33132
*4. Angela Nobel, USDC Clerk of Court 400 N. Miami Ave. N809 Miami, FL 33128

S.D. LEONARD #31570-511
F.D.C. Miami
P.O. Box 019120
Miami, FL. 33101-9120

\*Legal Mail\*
- Petition for Writ of Mandamus -

REC'D BY_____ D.C.
MAR -7 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

United States District Court Miami
400 N. Miami Ave. #N809
Miami, FL.